IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD W. POWELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1565 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  MEMORANDUM

The parties' Cross-Motions for Summary Judgment (Docs. 39, 42) will be denied for the reasons described below.

Plaintiff, Richard W. Powell, Jr. ("Plaintiff" or "Powell") filed this tax refund action against Defendant, Internal Revenue Service ("Defendant" or "IRS") alleging that Defendant erroneously assessed tax liability and trust fund recovery penalties against him under 26 U.S.C. § 6672, related to unpaid employment taxes of his former employer, Michael's Automotive Services, Inc. ("MAS").  (Doc. 16).  The IRS filed a counterclaim seeking to collect the unpaid federal trust fund recovery penalties assessed against Powell in connection with MAS's unpaid employment tax liabilities.  (Doc. 17).

The parties have filed cross motions for summary judgment both of which turn on the same two issues:  (1) whether Powell is a "responsible person" within the meaning of Section 6672, and (2) if so, whether he "willfully" failed to pay the amounts due to the IRS.  Powell contends that he did not have final or significant control over MAS's finances and, therefore,

was not a "responsible person" under the tax code. (Docs. 42-47). The IRS disagrees and argues that there is no genuine issue of material fact that (1) Powell was a responsible person under Section 6672 because of his physical and signatory control over MAS's payments, or (2) he acted willfully by failing to ensure that the tax liabilities were paid. (Docs. 39-41, 48-49).

Section 6672 of the Code provides in relevant part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. To establish Powell's tax liability under Section 6672, the IRS must show both that (1) he is a "responsible person" and (2) he willfully failed to collect, truthfully account for or pay over federal employment taxes. *See* Sgro v. United States, No. Civ. A. 04-1415, 2006 WL 2136389, at *2 (W.D. Pa. July 28, 2006) (citing United States v. Carrigan, 31 F.3d 130, 133 (3d Cir. 1994)).

A "responsible person" under Section 6672 "is a person required to collect, truthfully account for or pay over any tax due to the United States." Carrigan, 31 F.3d at 133 (citing Brounstein v. United States, 979 F.2d 954 (3d Cir. 1992)). "Responsibility is a matter of status, duty, or authority, not knowledge." Id. (quoting Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3d Cir. 1990)). A responsible person "need not have exclusive control over the company's finances, he need only have significant control." Id. "A person has significant control if he has the final or significant word over which bills or creditors get paid." Id. (quoting Quattrone, 895 F.2d at 927). Other factors that courts consider in determining whether a person is a responsible person include: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks on the company's bank account; (3) the taxpayer's

2

signature on the employer's federal employment or other tax returns; (4) payment of other creditors in lieu of the United States; (5) the identity of the officers, directors and principal shareholders of the corporation; (6) the identity of the individuals who hired and fired employees; and (7) the identity of the individuals who were in charge of the corporation's financial affairs.  See Brounstein, 979 F.2d at 954-55; Carrigan, 31 F.3d at 133.  More than one person may be a responsible person within the meaning of Section 6672.  See Brounstein, 979 F.2d at 955.

Applying these principles to the instant case, the Court finds that there are genuine issues of material fact regarding whether Powell was a responsible person under Section 6672.  In support of his position that he is not a responsible person, Powell notes, *inter alia*, that he: was not an officer, director, shareholder or other contributor of MAS; never received stock certificates for MAS; lacked authority to sign tax returns for MAS, and never did so; did not sign MAS's payroll; and lacked hiring and firing authority.  See Powell Supp. Br. (Doc. 44) at 3-4, and exhibits cited therein.  The IRS counters that the evidence instead establishes that Powell was a responsible person because, *inter alia*, Powell undisputedly had the authority to sign checks on at least one of the MAS bank accounts; was authorized to open and close at least one of those accounts; and maintained possession of a company checkbook, which he used to pay vendors.  See IRS Opp. Br. (Doc. 48) at 2-3; *see also* IRS Concise Statement of Material Facts (Doc. 40) ¶¶ 10-12; Powell Responsive Statement (Doc. 47) ¶¶ 10-12.  The IRS further contends that Powell's deposition testimony establishes that he continued to pay vendors even after learning of MAS's tax deficiencies.  See IRS Opp. Br. (Doc. 48) at 2-3 (citing Powell Dep., Doc. 41-3).  In addition, the IRS contends that Powell had some degree of oversight over certain locations and employees and that he would attend meetings with individuals in charge of MAS.

*See id.* and exhibits cited therein. Powell explains away these responsibilities by asserting that his authority and control did not come from his position or duties within MAS but only at the specific direction of Michael Pavlock, whom Powell describes as a substantial financial investor for MAS and possibly MAS's then-business owner. *See* Powell Supp. Br. (Doc. 44) at 4-7; Second Am. Compl. (Doc. 16) ¶ 11; Powell Concise Statement of Material Facts (Doc. 43) ¶ 6; *see also* IRS Supp. Br. (Doc. 41) at 1 (agreeing that Pavlock generally oversaw MAS operations). Powell contends that Pavlock had "complete control" over the business of MAS, thus preventing Powell from having "significant control" over any of the relevant factors. *See id.* Each party supports their respective positions with evidence of record.

As the above back-and-forth illustrates, the IRS is correct when it states that "the record is far from clear" on these points. *See* IRS Opp. Br. (Doc. 48) at 3. Because it is for the fact-finder to resolve these disputed facts, decide credibility issues and determine whether Powell is a responsible person under Section 6672, the cross-motions for summary judgment are denied on this issue. *See* Sgro, 2006 WL 2136389, at *3.

Even if the record clearly established that Powell was a "responsible person" within the meaning of the Code, genuine issues of fact would remain as to whether Powell acted "willfully" by failing to pay MAS's trust fund taxes over to the IRS. Responsible persons act "willfully" when they know or act in reckless disregard of the fact that taxes are due. *See* 26 U.S.C. § 6672(a); *see also* Greenberg v. United States, 46 F.3d 239, 244 (3d Cir. 1994) (describing willfulness as "a voluntary, conscious and intentional decision to prefer other creditors over the Government"). The "reckless disregard" standard is met when a taxpayer "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) [they were] in a position to find out for certain very easily." Carrigan, 31 F.3d at 134; *see also*

Greenberg, 46 F.3d at 244 ("Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid."). Among the behavior recognized as willful is "[a]ny payment to other creditors . . . with knowledge that the employment taxes are due and owing to the Government." Id.

Here, the record evidence again demonstrates genuine issues of material fact that preclude the entry of summary judgment. *See, e.g.*, Powell Supp. Br. (Doc. 44) at 7-9, and exhibits cited therein (citing Powell's testimony that he was never involved with MAS's taxes or aware of the nature of MAS's tax deficiencies); IRS Opp. Br. (Doc. 48) at 3-6, and exhibits cited therein (contending that Powell became aware of MAS's tax delinquencies at some point, but did not address the situation and continued to sign checks and pay other vendors). Accordingly, the cross-motions for summary judgment are denied for this reason as well.

## II.  ORDER

**AND NOW,** this 20th day of December 2022, upon consideration of the IRS's Motion for Summary Judgment (Doc. 39), Powell's Motion for Summary Judgment (Doc. 42) and all documents filed with respect thereto, **IT IS HEREBY ORDERED** that both motions are **DENIED.**

December 20, 2022                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record